AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

### for the

Western District of Oklahoma

District of Columbia          MJ-24-443-AMG

|  |  |
|---|---|
| United States of America<br>v.<br><br>TRINA REYES, (09/09/1956)<br>LESLIE BOGUE, (06/25/1957) | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case: 1:24-mj-00174
Assigned to: Judge Upadhyaya, Moxila A.
Assign Date: 5/15/2024
Description: COMPLAINT W/ ARREST WARRANT

_____
*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____January 6, 2021_____ in the county of _____ in the
_____ in the District of ___Columbia___ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1752(a)(1) - Entering and Remaining in a Restricted Building or Grounds,<br>18 U.S.C. § l 752(a)(2) - Disorderly and Disruptive Conduct in a Restricted Building or Grounds,<br>40 U.S.C. § 5104(e)(2)(D) - Disorderly Conduct in a Capitol Building or Grounds, and<br>40 U.S.C. § 5104(e)(2)(G) - Parading, Demonstrating, or Picketing in the Capitol Grounds of Buildings. | |

This criminal complaint is based on these facts:

See attached statement of facts.

☒ Continued on the attached sheet.

_____
*Complainant's signature*

David L. Harrell, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1
by telephone.

Date: _____05/15/2024_____

_____
*Judge's signature*

City and state: _____Washington, D.C._____

Moxila A. Upadhyaya, U.S. Magistrate Judge
*Printed name and title*

Case: 1:24-mj-00174
Assigned to: Judge Upadhyaya, Moxila A.
Assign Date: 5/15/2024
Description: COMPLAINT W/ ARREST WARRANT

## STATEMENT OF FACTS

Your affiant, David L. Harrell, is a special agent with the Federal Bureau of Investigation assigned to the FBI San Antonio Joint Terrorism Task Force. Currently, I am tasked with investigating criminal activity in and around the Capitol grounds on January 6, 2021. As a special agent, I am authorized by law or by a Government agency to engage in or supervise the prevention, detection, investigation, or prosecution of a violation of Federal criminal laws.

The U.S. Capitol is secured 24 hours a day by U.S. Capitol Police. Restrictions around the U.S. Capitol include permanent and temporary security barriers and posts manned by U.S. Capitol Police. Only authorized people with appropriate identification were allowed access inside the U.S. Capitol. On January 6, 2021, the exterior plaza of the U.S. Capitol was also closed to members of the public.

On January 6, 2021, a joint session of the United States Congress convened at the United States Capitol, which is located at First Street, SE, in Washington, D.C. During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting in separate chambers of the United States Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. Shortly thereafter, by approximately 1:30 p.m., the House and Senate adjourned to separate chambers to resolve a particular objection. Vice President Mike Pence was present and presiding, first in the joint session, and then in the Senate chamber.

As the proceedings continued in both the House and the Senate, and with Vice President Mike Pence present and presiding over the Senate, a large crowd gathered outside the U.S. Capitol. As noted above, temporary and permanent barricades were in place around the exterior of the U.S. Capitol building, and U.S. Capitol Police were present and attempting to keep the crowd away from the Capitol building and the proceedings underway inside.

At such time, the certification proceedings were still underway and the exterior doors and windows of the U.S. Capitol were locked or otherwise secured. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, around 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of the U.S. Capitol Police, as others in the crowd encouraged and assisted those acts.

Shortly thereafter, at approximately 2:20 p.m. members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to—and did—evacuate the chambers. Accordingly, the joint session of the United States Congress was effectively suspended until shortly after 8:00 p.m. Vice President Pence remained in the United States Capitol from the time he was evacuated from the Senate Chamber until the sessions resumed.

The U.S. Capitol Building is equipped with closed circuit video recording camera (hereinafter "CCTV") at numerous locations in the Capitol Building. These CCTV cameras recorded a significant amount of the activity that day. In addition, during national news coverage

of the aforementioned events, video footage which appeared to be captured on mobile devices of persons present on the scene depicted evidence of violations of local and federal law, including scores of individuals inside the U.S. Capitol building without authority to be there. Photographs and videos of several of these persons were disseminated via social media and other open-source online platforms.

During the course of the investigation into the events of January 6, 2021, your affiant has identified Trina REYES and Leslie BOGUE as two of the individuals who were unlawfully inside of the Capitol and the restricted area. On January 6, 2021, REYES was wearing a long, black puffer-style jacket with a fur-like lined hood, red scarf, and brown boots. BOGUE was wearing a blue "Trump 2020" baseball cap, tan jacket with white lining, blue jeans, and sneakers. Both are depicted in the below photographs from January 6, 2021, Exhibit 1 and Exhibit 2.



Exhibit 1



Exhibit 2

In addition, I have located U.S. Capitol CCTV footage where REYES and BOGUE are captured entering the U.S. Capitol through the East Rotunda Doors at approximately 2:40 pm on January 6, 2021, as depicted below in Exhibit 3.



Exhibit 3 – Capitol Police CCTV screenshot

CCTV footage documented that REYES and BOGUE entered the Capitol Building less than two minutes after other rioters already inside the building had forced the doors open from the inside, as depicted below in Exhibit 4, allowing REYES, BOGUE, and others gathered outside of the door to stream in.



Exhibit 4 - Capitol Police CCTV screenshot

Once inside the Capitol Building REYES and BOGUE moved on to the Rotunda, which they entered at approximately 2:43 pm. Once they entered the Rotunda they remained there with dozens of other rioters, as depicted in Exhibit 5. They remained there until approximately 2:56 pm, when they left the Rotunda from the same direction they had entered. Exhibit 6.



Exhibit 5 - Capitol Police CCTV screenshot



Exhibit 6 - Capitol Police CCTV screenshot

The two remained in the building until approximately 2:58 pm, when they exited together through the East Rotunda Doors, as depicted in Exhibit 7.



Exhibit 7 - Capitol Police CCTV screenshot

During the course of the investigation, REYES agreed to be interviewed by FBI agents. During the interview on January 29, 2022, REYES admitted to agents that she had travelled to Washington, D.C. from Texas in advance of January 6, 2021. She said that on January 4, 2021, she drove to the Dallas area, where she met a friend, LESLIE BOGUE, who had travelled down from the Oklahoma-Texas border area where she lived to meet REYES. REYES said that the two of them then drove on to Washington, D.C., stopping enroute for the night in North Carolina. They then travelled to Washington, D.C. the next day and booked a two night stay at a hotel in the area. REYES said that on the morning of January 6th she and BOGUE went to the rally at which then-President Trump was scheduled to speak. After hearing the speech she and BOGUE walked toward the Capitol Building. In the interview REYES stated that she noticed as she approached the Capitol that the officers standing at the barricades were removing and moving the barricades so as to let people past, and towards the U.S. Capitol. However, she also stated that as she and BOGUE continued up the steps to the Capitol Building that she saw tear gas being fired and that she was even exposed to some of the tear gas.

REYES further claimed that once she and BOGUE approached the front of the U.S. Capitol they saw an officer open the door to the U.S. Capitol, and allow people to enter the building. She said that she and BOGUE then entered the building. REYES said that once in the building she took a few photos, then she and BOGUE followed the crowd in to the Rotunda. She went on to say that once inside the Rotunda she and BOGUE took a few pictures, then saw others being disrespectful to the U.S. Capitol by placing "MAGA" hats on top of statues and vandalizing paintings. She said that they decided they did not want to be a part of that and immediately walked back out of the U.S. Capitol. During the interview Reyes verified that photos shown to her by agents were in fact her at the rally, at the U.S. Capitol, and inside the U.S. Capitol on January 6, 2021. Among the photos she identified were Exhibit 2 and Exhibit 8, below.



Exhibit 8 – still image from open source video located at https://archive.org/details/capital-hill-occupy-ovfr-18/Capital+Hill+Occupy+-ovfr18.mp4

Although REYES stated in her interview that officers outside of the Capitol were removing and moving barricades to let people pass, an open source video previously posted on the internet shows that during the time an individual matching REYES' distinct appearance was at the barricades at the East Front of the Capitol officers were actively trying to restrict the crowd for breaching the barricades. Notwithstanding their efforts the officers were eventually overwhelmed and overrun by the rioters. In the video, REYES appears on the front line of the protestors. The video then shows the minutes afterwards where Capitol Police are pushed back by rioters in that same area of the East Plaza of the Capitol.



Exhibit 9 – still image of video located at https://www.youtube.com/watch?v=ZjLvYqJ2-EM&t=206s at timestamp 3:25

Although REYES also claimed that once she got to the doors an officer opened the doors to let protestors in to the building, additional open source video of the East Rotunda Doors just before the time REYES and BOGUE entered shows that officers were actively resisting allowing protestors to enter the building. In the video officers can be seen at the East Rotunda Doors being shoved and grabbed by indiduals trying to open the doors to the Capitol. During the video a Capitol Police Officer is pulled by the back of his uniform jacket away from the doors and down to the ground. Exhibit 10. REYES and BOGUE can be identified by their distinctive appearance looking toward him as the officer falls to the ground a few feet away from them as the crowd looks down at him. Exhibit 11.



Exhibit 10 – still image of video located at
https://www.gettyimages.com/detail/video/mob-of-pro-trump-rioters-and-protesters-break-into-the-u-news-footage/1294938866 at timestamp 1:21



Exhibit 11 – still image of video located at
https://www.gettyimages.com/detail/video/mob-of-pro-trump-rioters-and-protesters-break-into-the-u-news-footage/1294938866 at timestamp 1:30

During the course of the investigation BOGUE also agreed to be interviewed by FBI agents in Oklahoma. During her interview, which occurred on July 12, 2022, BOGUE admitted that she and REYES had traveled to Washington, D.C. together and were at the Captiol on January 6, 2021. She identified herself and REYES in a photograph shown to her, Exhibit 2, and she identified REYES in a separate photo from inside the Capitol Building, Exhibit 8.

Although BOGUE identified REYES in the photograph from inside the Capitol, which was a still frame of a video posted on the internet, she stated to agents during her interview that she herself had not gone inside of the Capitol with REYES. Though BOGUE claimed to have not entered the Capitol, the same video from which the earlier still frame was obtained shows that an individual dressed exactly as BOGUE was that day walking with REYES as she departed the Capitol Building, consistent with numerous Capitol CCTV videos from that day.



Exhibit 12 – still image from open source video located at
https://archive.org/details/capital-hill-occupy-ovfr-18/Capital+Hill+Occupy+-ovfr18.mp4 at timestamp
02:37

Bogue was re-interviewed by FBI agents in February of 2024. During this interview BOGUE admitted that she had entered the U.S. Capitol Builing on January 6, 2021, and that she was with REYES while she was inside of the building.

Based on the foregoing, your affiant submits that there is probable cause to believe that Trina REYES and Leslie BOGUE violated 18 U.S.C. § 1752(a)(1) and (2), which makes it a crime to (1) knowingly enter or remain in any restricted building or grounds without lawful authority to do; and (2) knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engage in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions; or attempts or conspires to do so. For purposes of Section 1752 of Title 18, a "restricted building" includes a posted,

cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service, including the Vice President, is or will be temporarily visiting; or any building or grounds so restricted in conjunction with an event designated as a special event of national significance.

Your affiant submits there is also probable cause to believe that Trina REYES and Leslie BOGUE violated 40 U.S.C. § 5104(e)(2)(D) and (G), which makes it a crime to willfully and (D) utter loud, threatening, or abusive language, or engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress; and (G) parade, demonstrate, or picket in any of the Capitol Buildings.

David L. Harrell
Special Agent
Federal Bureau of Investigation

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 15th day of May 2024.

HONORABLE MOXILA A. UPADHYAYA
UNITED STATES MAGISTRATE JUDGE

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
### for the
District of Columbia

| | |
|---|---|
| United States of America<br>v.<br>**LESLIE BOGUE**<br><br>_____<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case: 1:24-mj-00174
Assigned to: Judge Upadhyaya, Moxila A.
Assign Date: 5/15/2024
Description: COMPLAINT W/ ARREST WARRANT

## ARREST WARRANT

To:    Any authorized law enforcement officer

      **YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*  LESLIE BOGUE  ,
who is accused of an offense or violation based on the following document filed with the court:

❏ Indictment    ❏ Superseding Indictment    ❏ Information    ❏ Superseding Information    ☒ Complaint
❏ Probation Violation Petition    ❏ Supervised Release Violation Petition    ❏ Violation Notice    ❏ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 1752(a)(1) - Entering and Remaining in a Restricted Building or Grounds,
18 U.S.C. § 1752(a)(2) - Disorderly and Disruptive Conduct in a Restricted Building or Grounds,
40 U.S.C. § 5104(e)(2)(D) - Disorderly Conduct in a Capitol Building or Grounds, and
40 U.S.C. § 5104(e)(2)(G) - Parading, Demonstrating, or Picketing in the Capitol Grounds of Buildings.

Date:     05/15/2024

                                              *Issuing officer's signature*

City and state:     Washington, D.C.        Moxila A. Upadhyaya, U.S. Magistrate Judge
                                              *Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____<br>at *(city and state)* _____.<br><br>Date: _____              _____<br>                              *Arresting officer's signature*<br><br>                              _____<br>                              *Printed name and title* |

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | ) |
| **VS.** | ) |
| | ) |
| | ) **Case Number: MJ-24-443-AMG** |
| | ) |
| **Leslie Bogue** | ) Charging District: _District of Columbia_ |
| **Defendant** | ) |
| | ) Charging District's Case Number: _1:24-mj-174_ |
| | ) |

## ORDER APPOINTING COUNSEL

The above-named defendant having completed an affidavit as to financial ability to employ counsel, and upon review, the Court finds:

☒ That the affiant is financially unable to obtain counsel.

☒ Federal Public Defender is appointed to represent the above-named defendant in all futher proceedings in this District unless and until relieved by order of the Court. **Kyle Wackenheim**

☐ Federal Public Defender shall forth with furnish the name of a private attorney for appointment to represent the defendant. _____

☐ That the defendant is eligible for appointment of counsel, but has income or assets in excess of that needed for support of defendant and dependents, and therefore:

☐ Defendant will reimburse the government for the cost of providing representation commensurate with his / her ability to pay as determined by further order of the Court. _____

☐ That Defendant is not eligible for appointment of counsel but is entitled to both an immediate hearing and to the assistance of counsel and therefore,

☐ The Federal Public Defender is temporarily appointed to represent the defendant for purposes of initial appearance only.

Friday, May 17, 2024
_____
Date

_Amanda Maxfield Green_
AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE

SR-03-2020

**DATE:** May 17, 2024

## CRIMINAL COURTROOM MINUTE SHEET
## INITIAL APPEARANCE on RULE 5

**CASE:** MJ-24-443-AMG

**Start Time:** 3:16　　**End Time:** 3:26

**COURTROOM:** 103

**MAGISTRATE JUDGE AMANDA MAXFIELD GREEN**

**COURTROOM DEPUTY ANDREA CASTER**

**UNITED STATES OF AMERICA vs.** Leslie Bogue

Defendant States true and correct name as: same

**AGE:** _____

**Government Cnsl:** Charles Brown

**Defendant Cnsl:** Kyle Wackenheim

**U.S. Probation Officer:** Steven Daniels

Public Defender

☒ Defendant Appears,　custody of U.S. Marshal with Counsel

**Interpreter:** _____

☒ Defendant advised of his / her right of consular notification, N/A

☒ Defendant informed of his / her right to retain counsel or to request that counsel be appointed if he / she cannot obtain counsel.

☒ Dft informed that he / she is not required to make a statement and that any statement made by him / her may be used against him / her.

☒ Defendant informed of the　☒ Complaint　☐ Indictment　and the charges pending against him / her in the prosecuting district.

Charging District: District of Columbia

Charging District case number: 1:24-mj-174

## PRELIMINARY / RULE 5

☒ Defendant informed of his/her right to a Preliminary hearing.

　☐ Defendant waives preliminary hearing; Written waiver entered.

　☒ Defendant requests the preliminary hearing be conducted in the prosecuting district.

　☐ Defendant requests the preliminary hearing be conducted in this district

　　☐ Preliminary hearing is set for:_____

　☐ Preliminary hearing not required.

☒ Defendant waives identity hearing; Written waiver entered.

☒ Defendant advised of the provisions of Rule 20.

☒ Government produces the original warrant, a certified copy of the warrant or a reliable electronic form of either.

☐ Defendant waives production of original, certified copy or reliable electronic form of warrant.

## RELEASE / DETENTION

☒ Government recommends defendant be released on Conditions

☐ Government recommends defendant be detained based on _____

☐ Government _____

　☐ Upon motion of the Government and request for continuance by _____

　☐ Detention Hearing is set for _____

☐ Defendant requests that the detention issue be held in abeyance until defendant is returned to charging district. The court finds good cause to exceed the time limits set forth by the Bail Reform Act, if necessary, in order to allow the U.S. Marshal sufficient time to transport defendant to the charging district. Defendant remanded to the custody of the U.S. Marshal.

## The Court Orders:

☐ The United States Marshal for the Western District of Oklahoma is to remove defendant to the district in which he/she is charged and deliver defendant to the United States Marshal for that district or to some other officer authorized to receive him. Written Order entered.

☐ Defendant temporarily detained pending detention hearing. Written Order entered. Defendant remanded to the custody of the U.S. Marshal.

☒ Unsecured Bond set at _____ with conditions per Release Order.

☐ Secured Bond set at _____ with conditions per Release Order as the Court finds that the release of the Defendant on a personal recognizance bond or unsecured appearance bond would not reasonably assure his / her appearance in court and the safety of the community.

☐ Defendant remanded to the custody of the U.S. Marshal.

☒ **FRCrP5(f) REMINDER:** As required by Rule 5(f), the Court reminds the United States of it disclosure obligation under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. Possible consequences for a violation of this obligation may include, but are not limited to, exclusion of evidence at trial, a finding of contempt, granting a continuance, or dismissal of the charges with prejudice

AO 199A (Rev. 06/19) Order Setting Conditions of Release

# UNITED STATES DISTRICT COURT
### for the
### Western District of Oklahoma

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) |
| Leslie Kathryn Bogue | ) |
| *Defendant* | ) |

Case No.     MJ-24-443-AMG

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(☒)  (1)  The defendant must not violate federal, state, or local law while on release.

(☒)  (2)  The defendant must cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702.

(☒)  (3)  The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(☒)  (4)  The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: _____

*Place*

on _____

*Date and Time*

If blank, defendant will be notified of next appearance.

(☒)  (5)  The defendant must sign an Appearance Bond, if ordered.

AO 199B (Rev. 12/20) Additional Conditions of Release

## ADDITIONAL CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the court may impose the following lease restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

(☐)  (6)  The defendant is placed in the custody of:

Person or organization _____

Address *(only if above is an organization)* _____

City and state _____ Tel. No. _____

who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____ _____

| | Custodian | Date |

(☒)  (7)  The defendant must:

(☐)  (a)  submit to supervision by and report for supervision to: _____,

telephone number _____, no later than  noon the following business day.

(☐)  (b)  continue or actively seek employment.

(☐)  (c)  continue or start an education program.

(☒)  (d)  surrender any U.S. passport, foreign passport, and/or other documents used for international travel to:  the U.S. Probation Office, Western District of Oklahoma, no later than noon the following business day.

(☒)  (e)  not obtain a passport or other international travel document.

(☐)  (f)  abide by the following restrictions on personal association, residence, or travel:  travel restricted to the Western District of Oklahoma unless pre-approved by USPO.

(☐)  (g)  avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: _____

(☐)  (h)  get medical or psychiatric treatment:  as directed by USPO.

(☐)  (i)  return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling, or the following purposes: _____

(☐)  (j)  maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.

(☐)  (k)  not possess a firearm, destructive device, or other weapon.

(☐)  (l)  not use alcohol  (☒) at all  (☐) excessively.

(☐)  (m)  not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical medical practitioner.

(☐)  (n)  submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

(☐)  (o)  participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.

(☐)  (p)  participate in one of the following location restriction programs and comply with its requirements as directed.

   (☐)  (i)  **Curfew.** You are restricted to your residence every day  (☐) from _____ to _____ , or  (☐) as directed by the pretrial services office or supervising officer; or

   (☐)  (ii)  **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or

   (☐)  (iii)  **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court.

   (☒)  (iv)  **Stand Alone Monitoring.** You have no residential curfew, home detention, or home incarceration restrictions. However, you must comply with the location or travel restrictions imposed by the court.
   Note: Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.

(☐)  (q)  submit to the following location monitoring technology and comply with its requirements as directed:

   (☐)  (i)  Location monitoring technology as directed by the pretrial services or supervising officer; or

   (☐)  (ii)  Voice recognition; or

   (☐)  (iii)  Radio Frequency; or

   (☐)  (iv)  GPS.

(☐)  (r)  pay all or part of the cost of location monitoring based upon your ability to pay as determined by the pretrial services or supervising officer.

(☐)  (s)  report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

(☐)  (t)  contribute to the cost of treatment service rendered (co-payment) in an amount to be determined by the pretrial services office or supervising officer, based on the defendant's ability to pay.

(☐)  (u)  notify all employers of the pending federal charge when employed in a fiduciary capacity and at the direction of the USPO and grant the USPO permission to verify employers' notification.

(☐)  (v) _____

(☐)  (w) _____

(☐)  (x) _____

(☐)  (y) _____

AO 199C  (Rev. 09/08)  Advice of Penalties

# ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year.  This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court.  The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed.  If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony –  you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor –  you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive.  In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release.  I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed.  I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

## Directions to the United States Marshal

(☒)  The defendant is ORDERED released after processing.

(☐)  The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release.  If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

(☐)  DELAYED RELEASE:

Date:  5/17/2024

_____
*Judicial Officer's Signature*

AMANDA MAXFIELD GREEN, UNITED STATES MAGISTRATE JUDGE

_____
*Printed name and title*

AO 98 (Rev. 12/11) Appearance Bond

# UNITED STATES DISTRICT COURT

for the

Western District of Oklahoma

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No. MJ-24-443-AMG |
| Leslie Kathryn Bogue | ) |
| *Defendant* | ) |

## APPEARANCE BOND
### Defendant's Agreement

I, _____ Leslie Kathryn Bogue _____ *(defendant)*, agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:

      ( **✗** )   to appear for court proceedings;

      ( **✗** )   if convicted, to surrender to serve a sentence that the court may impose; or

      ( **✗** )   to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

(    ) (1)  This is a personal recognizance bond.

( **✗** ) (2)  This is an unsecured bond of $  5,000.00 _____ .

(    ) (3)  This is a secured bond of $ _____ , secured by:

    (   ) (a) $ _____ , in cash deposited with the court.

    (   ) (b) the agreement of the defendant and each surety to forfeit the following cash or other property (*describe the cash or other property, including claims on it — such as a lien, mortgage, or loan — and attach proof of ownership and value*):

        If this bond is secured by real property, documents to protect the secured interest may be filed of record.

    (   ) (c) a bail bond with a solvent surety  *(attach a copy of the bail bond, or describe it and identify the surety)*:

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

SR 01-2020

AO 98 (Rev. 12/11) Appearance Bond

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

## Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

    (1)    all owners of the property securing this appearance bond are included on the bond;

    (2)    the property is not subject to claims, except as described above; and

    (3)    I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)

Date:    05/17/2024

                               *Defendant's signature*

_____         _____

*Surety/property owner – printed name*        *Surety/property owner – signature and date*

_____         _____

*Surety/property owner – printed name*        *Surety/property owner – signature and date*

_____         _____

*Surety/property owner – printed name*        *Surety/property owner – signature and date*

*CLERK OF COURT*

Date:    05/17/2024

                         *Signature of Clerk or Deputy Clerk*

Approved.

Date:    05/17/2024

                         *Judge's signature*

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | ) |
| VS. | ) |
| | ) Case Number: **MJ-24-443-AMG** |
| | ) |
| | ) |
| **Leslie Bogue** | ) Charging District: **District of Columbia** |
| **Defendant** | ) Charging District's Case Number: **1:24-mj-174** |
| | ) |

## WAIVER OF RULE 5 and 5.1 HEARINGS
### ( Complaint or Indictment )

I understand that I have been charged in another district:
the ( *name of other court* )  District of Columbia                                      .

I have been informed of the charges and of my rights to:

(1)     retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)     an identity hearing to determine whether I am the person named in the charges;

(3)     production of the warrant, a certified copy of the warrant, or reliable electronic copy of either;

(4)     a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise--unless I am indicted--to determine whether there is probable cause to believe that an offense has been committed;

(5)     a hearing on any motion by the government for detention;

(6)     request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☒     an identity hearing.
☐     production of the warrant.
☐     a preliminary hearing.
☐     a detention hearing.

I request that the following hearing(s) be held in the prosecuting district, at a time set by that court.

☒     a preliminary hearing.
☐     a detention hearing.

I realize that the detention hearing in the prosecuting district may not occur within the three and five day time limits, set forth in the Bail Reform Act, but I request the Court to find good cause to exceed those time limits if it takes the Marshal more time to transport me to the prosecuting district, as I want the hearing to be held in the prosecuting district.

| | |
|---|---|
| 5/17/ 24 | *Bogue* |
| Date | Defendant |
| | *KC* |
| | Attorney for Defendant |

SR-03-2020

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA )
)
)
VS. )
) Case Number: __MJ-24-443-AMG__
)
)
) Charging District: __District of Columbia__
)
__Leslie Bogue__ )
**Defendant** ) Charging District's Case Number: 1:24-mj-174

## ORDER REQUIRING DEFENDANT TO APPEAR IN THE DISTRICT
## WHERE CHARGES ARE PENDING

After a hearing in this court, the defendant is released from custody and ordered to appear in the district court where the charges are pending to answer those charges. If the time to appear in that court has not yet been set, the defendant must appear when notified to do so. Otherwise, the time and place to appear in that court are:

| PLACE: | District of Columbia District Court E. Barrett Prettyman U.S. Courthouse 333 Constitution Avenue, N.W., | Courtroom: | By Zoom before Judge Harvey |
| | | Date and Time: | 5/28/2024 @ 12:30 EST |

Friday, May 17, 2024
Date

*Amanda Maxfield Green*
AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE

*SR-03-2020*

# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. MJ-24-443-AMG |
| Leslie Bogue | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

In accordance with the Due Process Protections Act,[1] the Court reminds counsel of the

disclosure obligation of the prosecutor under *Brady v. Maryland*, 373 U.S. 83 (1963), and its

progeny. In particular, "the suppression by the prosecution of evidence favorable to an accused

upon request violates due process where the evidence is material either to guilt or to punishment,

irrespective of the good faith or bad faith of the prosecution."[2] "[E]vidence is 'material' within

the meaning of *Brady* when there is a reasonable probability that, had the evidence been disclosed,

the result of the proceeding would have been different."[3] A "reasonable probability" does not

mean that the defendant "would more likely than not have received a different verdict with the

---

[1] The Due Process Protections Act, PL 116-182, [S 1380], effective October 21, 2020, requires that the parties be informed regarding an amendment to Federal Rule of Criminal Procedure 5. By this legislation, subsection (f) of the Rule has been redesignated as subsection (g), with new subsection (f) hereinafter designated as "REMINDER OF PROSECUTORIAL OBLIGATION." The amendment serves to remind prosecutors of their obligations to disclose exculpatory evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963).

[2] *Brady*, 373 U.S. at 87.

[3] *Cone v. Bell*, 556 U.S. 449, 469–470 (2009).

evidence," only that the likelihood of a different result is great enough to "undermine[ ] confidence in the outcome of the trial."[4]

Possible consequences for a violation of this Order may include, but are not limited to, exclusion of evidence at trial, a finding of contempt, granting of a continuance, and dismissal of the charges with prejudice.

Having given counsel the oral admonition required by the Due Process Protections Act, this Order serves as the reminder of prosecutorial obligations and duties in accordance with Federal Rule of Criminal Procedure 5(f).

ENTERED on 5/17/2024

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE

---

[4] *Smith v. Cain*, 565 U.S. 73, 75 (2012).